[Cite as *In re K.W.*, 2015-Ohio-4315.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NO. CA2015-06-124 |
| K.W. | : | O P I N I O N |
| | : | 10/19/2015 |
| | : | |
| | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JN2013-0083


Kate Nolan and Jonathan Ford, 10 Journal Square, 3rd Floor, Hamilton, Ohio 45011, guardian ad litem

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for appellant

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, Butler County Job & Family Services


**S. POWELL, P.J.**

{¶ 1} Appellant, the mother of K.W., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of K.W. to appellee, the Butler County Department of Job and Family Services (BCDJFS). For the reasons detailed below, we affirm.

{¶ 2} On February 8, 2013, BCDJFS filed a neglect and dependency complaint and requested temporary custody of K.W., who was nine years old. The complaint alleged that BCDJFS had received an emergency referral with concerns of neglect against K.W., including allegations that the family was homeless, basic needs were not being met, and appellant had been abusing illegal drugs. Specifically, the referral indicated that appellant would leave K.W. "here and there" while she would go out to abuse drugs. In addition, the referral alleged that appellant had been staying at the Hope House, but was presently "at large," and K.W. was not enrolled in school. During an interview with BCDJFS, appellant admitted to abusing heroin and reported that she had no stable housing or means to care for K.W. As a result, K.W. was removed from appellant's custody and placed in foster care.

{¶ 3} Over the next several months, appellant failed to participate in these proceedings and did not visit K.W. Following the dispositional hearing, which appellant also failed to attend, the juvenile court found K.W. was both neglected and dependent. BCDJFS developed a case plan for appellant with a list of objectives, including: complete a drug and alcohol assessment, participate in intensive outpatient treatment while awaiting placement in a residential treatment facility for drug abuse, and obtain and maintain housing and financial means to care for K.W.

{¶ 4} The record reflects that appellant did initially participate in substance abuse assessments and attend a treatment facility. However, appellant was unable to successfully complete any drug program. Shortly after beginning an intensive outpatient treatment program, appellant was terminated from the program for violating the facility's rules. In addition, appellant failed to report to a residential treatment facility when the appropriate placement became available. Furthermore, throughout these proceedings, appellant provided multiple drug screens that tested positive for marijuana and opiates.

{¶ 5} On July, 24, 2013, appellant made her first court appearance and the juvenile

court appointed counsel. Thereafter, appellant was provided with a visitation schedule for K.W. The record reflects that appellant visited K.W. four times before those visits were suspended because appellant failed to maintain contact with the agency or attend court proceedings. Appellant appeared at a subsequent review hearing and was able to resume visitation with K.W., but her court attendance, participation in the case plan, and visitation with K.W. remained sporadic.

{¶ 6} On May 16, 2014, BCDJFS filed a motion for permanent custody. At the permanent custody hearing, appellant admitted to drug abuse, not enrolling K.W. in school, and not following the recommendations contained in the case plan. In addition, appellant acknowledged that she had only visited K.W. six times during the pendency of these proceedings and had failed to attend many of her court appointments. Although appellant had obtained a residence at the time of the permanent custody hearing, appellant stated that she was not currently ready for K.W. to come home, but stated "I think in another six months I could have everything."

{¶ 7} In support of the grant of permanent custody, BCDJFS introduced the testimony of the BCDJFS caseworker responsible for this matter. The caseworker testified that K.W. was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and Reactive Attachment Disorder (RAD), which makes it difficult for K.W. to form attachments and bonds to other people. The caseworker explained that in order to help K.W. alleviate her behavioral issues, she "needs a very structured environment. She needs a very stable environment. She needs rules. She needs to know what the expectations are as far as her behavior." Throughout the pendency of these proceedings, the caseworker stated that K.W. has shown some progress in the treatment of her behavioral issues and her current foster parents appear committed to working through the process. Furthermore, with respect to appellant, the caseworker testified that appellant had only visited K.W. a total of six times since

BCDJFS obtained temporary custody. In addition, the caseworker stated that appellant failed to successfully complete any substance abuse or mental health treatment.

{¶ 8} On April 13, 2015, a juvenile court magistrate granted the motion for permanent custody. Appellant then filed objections to the magistrate's decision, which were overruled. Appellant now appeals the juvenile court's decision granting permanent custody of K.W. to BCDJFS, raising one assignment of error for review.

{¶ 9} THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY AND TERMINATING APPELLANT'S PARENTAL RIGHTS WHERE THAT DECISION WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 10} In her sole assignment of error, appellant argues the juvenile court's decision granting permanent custody of K.W. to BCDJFS was not in K.W.'s best interest. In support of her claim, appellant alleges the juvenile court's decision was not supported by sufficient clear and convincing evidence and was otherwise against the manifest weight of the evidence. After a thorough review of the record, we find appellant's assignment of error is without merit.

{¶ 11} Before a natural parent's constitutionally protected liberty interest in the care and custody of her child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. *Santosky v. Kramer*, 455 U.S. 745, 759, 102 S.Ct. 1388 (1982). An appellate court's review of a juvenile court's decision granting permanent custody is limited to whether sufficient credible evidence exists to support the juvenile court's determination. *In re M.B.*, 12th Dist. Butler Nos. CA2014-06-130 and CA2014-06-131, 2014-Ohio-5009, ¶ 6. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if

there is a sufficient conflict in the evidence presented. *Id.*

{¶ 12} Pursuant to R.C. 2151.414(B)(1), a court may terminate parental rights and award permanent custody to a children services agency if it makes findings pursuant to a two-part test. *In re G.F.*, 12th Dist. Butler No. CA2013-12-248, 2014-Ohio-2580, ¶ 9. First, the court must find that the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C. 2151.414(D). *In re D.K.W.*, 12th Dist. Clinton No. CA2014-02-001, 2014-Ohio-2896, ¶ 21. Second, the court must find that any of the following apply: (1) the child is abandoned; (2) the child is orphaned; (3) the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22–month period; (4) where the preceding three factors do not apply, the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; or (5) the child or another child in the custody of the parent from whose custody the child has been removed, has been adjudicated an abused, neglected, or dependent child on three separate occasions. R.C. 2151.414(B)(1)(a)-(e); *In re C.B.*, 12th Dist. Clermont No. CA2015-04-033, 2015-Ohio-3709, ¶ 10. Only one of those findings must be met for the second prong of the permanent custody test to be satisfied. *In re A.W.*, 12th Dist. Fayette No. CA2014-03-005, 2014-Ohio-3188, ¶ 12

{¶ 13} In this case, the juvenile court found by clear and convincing evidence that K.W. had been in the temporary custody of BCDJFS for more than 12 months of a consecutive 22-month period as of the date the agency filed for permanent custody. Appellant does not dispute this finding. Rather, appellant contests the juvenile court's finding that granting permanent custody of K.W. to BCDJFS was in her best interest.

{¶ 14} R.C. 2151.414(D)(1) provides that in considering the best interest of a child in a permanent custody hearing:

[T]he court shall consider all relevant factors, including, but not limited to the following:

(a)  The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b)  The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c)  The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;

(d)  The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e)  Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 15} In granting the motion for permanent custody, the juvenile court considered each of the best interest factors in light of the evidence presented at the hearing.  With respect to R.C. 2151.414(D)(1)(a), the juvenile court found that K.W. has no relationship with her father and her relationship with appellant has been compromised significantly because appellant has not regularly visited K.W. during the 20 months these proceedings were ongoing.  The juvenile court also found that K.W. and appellant had been homeless before the initiation of this case and the last time they maintained a permanent residence was in 2011.  Since the initiation of this case, K.W. has been placed with two foster homes and has resided in her current foster home for over a year.  The court further found that K.W. has been diagnosed with RAD, which makes it more difficult for her to form attachments with others.  Although K.W. has struggled in some respects with her foster placement, she appears to be comfortable there and her current foster parents have been active in seeking support and treatment.

{¶ 16} In its consideration of R.C. 2151.414(D)(1)(b), the juvenile court indicated that it conducted an in camera review where K.W. expressed her wishes and desires. The juvenile court found K.W. has the maturity to assist the court in making that determination, but the remainder of that discussion was not set forth in the decision.

{¶ 17} With respect to R.C. 2151.414(D)(1)(c), the juvenile court reviewed the custodial history of K.W. The court found K.W. was adjudicated a neglected and dependent child in March 2013 and had been in agency custody for 14 months before the agency moved for permanent custody.

{¶ 18} In considering R.C. 2151.414(D)(1)(d), the juvenile court found K.W. is in need of a legally secure placement, the agency can provide the necessary legally secure placement, and such placement is the only way K.W.'s needs can be achieved. The juvenile court indicated that no appropriate relatives have come forward as placement options for K.W. Appellant, who has a long history of residential instability and substance abuse issues, has repeatedly failed to participate successfully in substance abuse treatment or individual counseling. In addition, the juvenile court noted that appellant, until recently, did not have a residence. Although appellant has recently received a prescription for Vivitrol to assist with her heroin addiction and has obtained housing through a transitional living program, the juvenile court noted that she was vague about the requirements that she has to meet to continue her residence in that program. The court also found that K.W. has been in foster care for a substantial period of time and has been receiving appropriate care in that placement.

{¶ 19} Finally, with respect to R.C. 2151.414(D)(1)(e), the juvenile court found that K.W.'s father has not had any contact with her while this case has been pending and, therefore, has abandoned her as a matter of law.

{¶ 20} Based on these findings, the juvenile court found by clear and convincing

evidence that it was in K.W.'s best interest to grant permanent custody to BCDJFS. On appeal, appellant disputes the juvenile court's findings and argues that she should retain custody of the child because she has recently taken steps to secure appropriate housing and has requested additional time to complete substance abuse treatment. Furthermore, because of K.W.'s history of behavioral problems and diagnosis with RAD, appellant claims that there is no indication that K.W. will be adopted into a loving home. As a result, appellant claims she should be provided additional time to correct her substance abuse issues and move towards reunification because of her close bond and attachment to K.W.

{¶ 21} We have carefully and thoroughly reviewed the evidence in this case and find that the juvenile court's determination regarding the best interest of K.W. is supported by clear and convincing evidence and was not against the manifest weight of the evidence. At the time of the permanent custody hearing, K.W. had been in the custody of the agency for more than 20 months. While appellant maintained that she can provide stable housing and a loving environment in "another six months," we find the present situation is appropriate for a grant of permanent custody to BCDJFS. Throughout these proceedings, appellant has missed court hearings, skipped visitation sessions, and has not taken appropriate measures in her substance abuse treatment. Although appellant requests additional time to complete the steps necessary for reunification, appellant has already been provided with ample opportunity to take these corrective steps and has been unwilling to take those measures prior to the agency's filing for permanent custody. While in foster care, K.W. has been provided with a stable and comfortable environment and her foster family has been active in seeking the necessary support and treatment for K.W.'s behavioral issues. In light of the foregoing, we find the juvenile court's decision was not against the manifest weight of the evidence and find no error in the juvenile court's decision to grant permanent custody of K.W. to BCDJFS. Appellant's sole assignment of error is overruled.

**{¶ 22}** Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.